**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

FILED-USDC-NDTX-DA
'24 OCT 31 PM2:06
KNB

ALICIA LINWOOD, AS TRUSTEE
OF ALICIA LINWOOD REVOCABLE
LIVING TRUST,

Plaintiff,

v.

FINANCE AMERICA, LLC, SN
SERVICING CORPORATION,
MORTGAGE ELECTRONIC
SYSTEMS, INC., US BANK TRUST
NATIONAL ASSOCIATION

Defendant.

Civil Action No.

3-24CV2746-8

# INTRODUCTION

1.    **Plaintiff ALICIA LINWOOD**, acting as trustee of ALICIA LINWOOD REVOCABLE LIVING TRUST, files this complaint regarding the property located at 10423 Chelmsford Drive, Dallas, Texas 75217, seeking relief based on claims of breach of contract, fraud, RESPA violations, breach of fiduciary duty and trustee duties, wrongful foreclosure, quiet title, and declaratory judgment.

2.    **Addressing Prior Case Dismissal**
In a prior case dismissed by this court, the Plaintiff was mistakenly listed as an individual rather than as trustee of the trust. Additionally, errors in the fee waiver application inaccurately reflected personal finances instead of the trust's. This complaint corrects those errors, with all filings and documents now accurately representing the trust's financial status

3.    Plaintiff has corrected prior procedural issues and now submits this refined complaint with full claims for breach of contract, fraud, RESPA violations, breach of fiduciary and trustee duties, wrongful foreclosure, quiet title, and declaratory judgment, substantiating Defendant's lack of standing and misrepresentation.

# COMPLAINT

1. **Parties**

**Plaintiff**: ALICIA LINWOOD, AS TRUSTEE OF ALICIA LINWOOD REVOCABLE LIVING TRUST, 10423 Chelmsford Drive, Dallas, Texas 75217.

ALL RIGHTS RESERVED

**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

**Defendant**: SN SERVICING CORPORATION AND U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BUNGALOW SERIES III TRUST, 323 5th Street, Eureka, CA 95501.

## 2. **Jurisdiction and Venue**

Federal jurisdiction is proper under **28 U.S.C. § 1332** (Diversity Jurisdiction) as the parties are residents of different states, and the amount in controversy exceeds $75,000.

Venue is proper in this court as the property at issue is located within the court's jurisdiction.

# I. STATEMENT OF FACTS

1. **Property Background**: Plaintiff purchased the property located at 10423 Chelmsford Drive, Dallas, Texas 75217 in 2005.

2. **Plaintiff's Legal Status as Established by the Social Security Administration:** The Social Security Administration recognizes that the Plaintiff, by establishing a revocable living trust and associated bank account, holds full legal capacity over their estate. This confirms the Plaintiff's status as an adult, a non-decedent, and the authorized individual managing the trust assets, which is central to the Plaintiff's standing and legal ability to bring this action.

3. **Original Loan and Promissory Note**: Plaintiff signed a promissory note and secured the loan with a mortgage on the property.

4. **Standing Issues**: Plaintiff asserts that the servicer lacks the proper standing to enforce the mortgage due to:

- Missing or invalid endorsements.
- Improper assignment of the note or mortgage.

5. **Allonge Attached**: Plaintiff has a copy of an allonge attached to the promissory note, demonstrating the loan number, borrowers name, Payable to the order of without recourse to the original lender name and address: Finance America, LLC and signed by an authorized officer. There are no other endorsements on the promissory note or the allonge.

ALL RIGHTS RESERVED

**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

6. **Request to Cancel Mortgage and Correct the contract**: Plaintiff sent certified notices to the servicing company requesting the mortgage cancellation if requested documents were not provided but received no response. Plaintiff sent a request for the contract to be corrected via removing the property as collateral since the correct collateral was the promissory note by way of a Novation Agreement, but the Defendant denied the request.

7. **Breach of Contract and Fraud Claims**: Plaintiff previously filed a case, which was dismissed without prejudice due to the four-year statute of limitations on breach of contract and fraud.

8. **Submission of Negotiable Instruments:** The Plaintiff, in accordance with UCC Article 3, specifically §§ 3-104 and 3-603, submitted multiple negotiable instruments to the Defendant. These instruments, including endorsed bills of exchange, were tendered with the intent to perform on the account and discharge the Plaintiff's debt obligations.

9. **Defendant's Acceptance of Delivery:** The Defendant received these negotiable instruments via registered mail. Delivery records confirm the Defendant's acceptance of these instruments, establishing their receipt and the Defendant's opportunity to perform on the account as tendered.

10. **Defendant's Refusal to Adjust the Account or Return the Instruments:** Despite receiving the instruments, the Defendant refused to adjust the account or return the instruments to the Plaintiff. This refusal constitutes a failure to act on the tendered payment, which under UCC § 3-603 results in a discharge of the Plaintiff's debt obligation.

11. **Legal Impact of Defendant's Refusal:** The Plaintiff asserts that the Defendant's refusal to accept or return the negotiable instruments legally discharged the Plaintiff's debt, as recognized in UCC § 3-603 and supported by case law such as In re Veal, McElroy v. Chase Manhattan Mortgage Corp., and Taylor v. First Resolution Inv. Corp.

## II. CAUSES OF ACTION

**Count 1: Declaratory Judgment (28 U.S.C. § 2201)**

ALL RIGHTS RESERVED

# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

- Plaintiff requests that the Court declare the mortgage unenforceable and void due to lack of proper standing and invalid assignments by the servicing company.

**Supporting Case Law:**

- o U.S. Bank National Ass'n v. Ibanez, 458 Mass. 637, 941 N.E.2d 40 (2011): Demonstrates the need for a clear chain of title for foreclosure, reinforcing Plaintiff's claim that the servicer lacks standing without proper assignment.

- o Leavings v. Mills, 175 S.W.3d 301 (Tex. App. — Houston [1st Dist.] 2004, no pet.): Establishes that only the holder of the note can enforce it, supporting Plaintiff's argument that the Defendant lacks standing without proper endorsement.

## Count 2: Quiet Title

- Plaintiff requests that the Court issue a decree to quiet title in Plaintiff's favor, removing any claim by the servicing company based on the improperly assigned promissory note and mortgage.

**Supporting Case Law:**

- o Aquino v. U.S. Bank Nat'l Ass'n, No. 05-19-00006-CV, 2020 WL 892284 (Tex. App.— Dallas Feb. 25, 2020, pet. denied): Reinforces Plaintiff's right to seek quiet title relief by questioning the servicer's standing due to a lack of clear assignment history.

- o Miller v. Homecomings Fin., LLC, 881 F. Supp. 2d 825 (S.D. Tex. 2012): Supports Plaintiff's argument that Defendant must establish a valid chain of title to have standing, citing assignment issues as grounds for quiet title action.

## Count 3: Wrongful Foreclosure

- Plaintiff alleges that the servicing company lacks standing to foreclose, as they have no valid, enforceable interest in the property. *See the attached: Notice of Interest.*

**Supporting Case Law:**

ALL RIGHTS RESERVED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN
DISTRICT OF TEXAS
DALLAS DIVISION

- o   Robinson v. Wells Fargo Bank, N.A., 576 F. App'x 358 (5th Cir. 2014): Emphasizes
  that a lender must prove proper assignment or standing to foreclose, directly or
  supporting Plaintiff's argument regarding the servicer's lack of authority.

- o   In re Kemp, No. 08-18700-JHW, 2010 WL 4777625 (Bankr. D.N.J. Nov. 16, 2010):
  Demonstrates that a mortgage servicer cannot enforce a note without timely
  endorsement, supporting Plaintiff's claim if the allonge was not properly endorsed.

## Count 4: Breach of Fiduciary Duty and Trustee Duty

- Plaintiff alleges that Defendant, acting in a trustee or fiduciary role per the mortgage
  servicing agreement or promissory note, failed to uphold its fiduciary and trustee
  obligations to the Plaintiff. Defendant:

  - o   Acted in self-interest instead of the interests of the Plaintiff by failing to disclose
    essential information regarding the assignment of the mortgage and its rights to
    enforce the note.

  - o   Failed to act with the duty of loyalty, prudence, and full disclosure required of a
    trustee or fiduciary to ensure clear title and a valid chain of title.

  - o   Plaintiff asserts that defendant's actions constitute a breach of trust or fiduciary
    duty, entitling Plaintiff to remedies.

**Supporting Case Law**:

  - o   Johnson v. Johnson, 885 S. W. 2d 641 (Tex. App.-Houston [14th Dist.] 2007, pet.
    Denied): Establishes that trustees have a duty to act with utmost good faith and
    loyalty toward the beneficiary, supporting Plaintiff's claim that Defendant failed
    to meet its obligations under trustee duties.

  - o   Miller v. Homecomings Fin., LLC, 881 F. Supp. 2d 825 (S.D. Tex. 2012):
    Demonstrates how improper assignments can lead to breaches of fiduciary duty,
    reinforcing Plaintiff's claim of improper assignment as a breach of trustee duty.

ALL RIGHTS RESERVED

**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

## Count 5: Fraud or Misrepresentation

- Plaintiff alleges that Defendant fraudulently misrepresented their standing to enforce the promissory notes and mortgage, knowing they did not possess the necessary endorsement and assignments. Plaintiff reasonably relied on these misrepresentations, which delayed Plaintiff's discovery of Defendant's lack of standing.

- **Discovery Rule**: Plaintiff invokes the Discovery Rule, as fraudulent misrepresentations were only recently discovered upon a closer review of assignment records, despite diligent inquiry. Under Texas law, the statute of limitations for fraud claims may be tolled until the Plaintiff, through reasonable diligence, could have discovered the fraud.

**Supporting Case Law**:

- o Kiggundu v. Mortgage Elec. Registration Sys., Inc., 469 F. App'x 330 (5th Cir. 2012): Demonstrates that the entity seeking foreclosure must have a valid assignment, supporting the argument that Defendant's claim was based on misrepresentation.
- o Miller v. Homecomings Fin., LLC, 881 F. Supp. 2d 825 (S.D. Tex. 2012): Provides precedent that improper assignments can prevent a servicer from legally foreclosing, supporting Plaintiff's argument of fraudulent assignment claims.

## Count 6: RESPA Violation (12 U.S.C. § 2605)

- The servicing company failed to respond to Plaintiff's qualified written requests (QWRs) for information on the mortgage, violating RESPA's requirements for servicers.
  - o *See the attached: Copy of Notice and notice of claim sent to the Defendant. No response was received.*

## Count 6: Failure to Accept or Return Negotiable Instruments Resulting in Discharge

- **Allegation of Tender and Refusal to Adjust**

  The Plaintiff, in good faith, submitted multiple negotiable instruments, including endorsed bills of exchange, to the Defendant for performance on the account under UCC

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN
DISTRICT OF TEXAS
DALLAS DIVISION

Article 3, specifically §§ 3-104 and 3-603. These negotiable instruments were accepted by
the Defendant through registered mail. However, the Defendant refused to process or
adjust the account accordingly.

- **Legal Basis for Discharge Upon Refusal**

Under UCC § 3-603, a tender of payment discharges the obligation if the tender is not
accepted. The refusal to accept or return the instruments should result in a discharge of
the Plaintiff's obligation on the debt. Additionally, UCC § 3-104 defines a negotiable
instrument as a valid medium of exchange for payment of debt obligations, provided it
is properly endorsed and tendered.

**Supporting Case Law**

o  In In re Veal, 450 B.R. 897 (B.A.P. 9th Cir. 2011), the court recognized the concept
   of discharge due to refusal of a properly presented negotiable instrument.
   In McElroy v. Chase Manhattan Mortgage Corp., 134 F. Supp. 2d 1391 (S.D. Fla.
   2000), the court acknowledged that a creditor's refusal to accept a compliant
   negotiable instrument may discharge the obligation if the creditor acted in bad
   faith.

o  Walker v. Dovenmuehle Mortgage, Inc., 2003 WL 21059979 (N.D. Ill. May 9,
   2003), supports that the creditor's failure to return or act upon a negotiable
   instrument could lead to discharge of the debt.

o  United States v. Russell, 178 F. Supp. 2d 1105 (N.D. Cal. 2001), further affirms
   that failure to accept or return a negotiable instrument within a reasonable time
   can relieve the debtor of further liability.

o  Taylor v. First Resolution Inv. Corp., 148 Ohio St. 3d 627, 2016-Ohio-3444, holds
   that a creditor's refusal to act upon or return a negotiable instrument risks
   discharge of the obligation.

## III. RELIEF SOUGHT

Plaintiff requests the following relief:

ALL RIGHTS RESERVED

# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN
## DISTRICT OF TEXAS
## DALLAS DIVISION

1. **Declaratory Relief**: A declaration that the promissory note and mortgage are satisfied, and the lien released.

2. **Declaratory Judgement**: A declaration that the Defendant lacks standing to foreclose on the Plaintiff's property located at 10423 Chelmsford Drive, Dallas, Texas 75217 due to insufficient documentation of assignment or transfer of the mortgage.

3. **Injunctive Relief**: An injunction to prevent the Defendant from proceeding with foreclosure or collection actions until they provide adequate proof of standing.

4. **Request for Production of Documents**: Plaintiff requests that the Court order the Defendant to produce the following documents necessary to evaluate Defendant's authority to enforce the mortgage:

- The original promissory note with all endorsements and any attached allonges.
- Documentation of each assignment, sale, or transfer of the mortgage, showing an unbroken chain of title.
- A complete itemized history of payments made by Plaintiff, including any fees, penalties, or other charges.
- Correspondence and notices exchanged between Plaintiff and Defendant regarding the mortgage.

5. **Quiet Title**: An order quieting title in Plaintiff's favor, removing any claim by the Defendant.

6. **Replacement of Trustee**: An order to remove the existing trustee and appoint a new trustee to act in the best interests of the Plaintiff as beneficiary of the trust, with duties to ensure transparency, fiduciary responsibility, and compliance with applicable law.

7. **Claim for Relief Based on Discharge:** Plaintiff asserts that the Defendant's refusal to process or return the negotiable instruments legally discharges the Plaintiff's obligations. Plaintiff respectfully requests that the court recognize this discharge, given the Defendant's refusal to perform on the instruments as tendered.

ALL RIGHTS RESERVED

# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

8. **Damages**: Restitution for all mortgage payments made to the Defendant after the payoff of the promissory note. An award of any payments made in error, including interest, fees, or costs related to servicing errors or mismanagement by Defendant.

9. **Attorney's Fees and Costs**: Plaintiff requests that the Court order Defendant to reimburse all legal fees and court costs incurred in relation to this action. Additionally, Plaintiff requests that any outstanding court costs, which remain unpaid as a result of prior proceedings, be assessed and paid by Defendant. This request is justified due to Defendant's actions leading to this litigation and the costs borne by Plaintiff in protecting the trust's interests.

10. **Any Other Relief**: Any additional relief the Court deems just and proper.

Date: October 28, 2024

/s/ Alicia; Linwood
ALICIA LINWOOD
Trustee
10423 Chelmsford Drive
Dallas, Texas 75217
(P) 972-693-0752
Email: alicialinwood@gmail.com

When Recorded Mail To:

Alicia Linwood
PO Box 170035
Dallas, Texas 75217

This Space Provided for Recorder's Use

# NOTICE OF INTEREST

STATE OF TEXAS
COUNTY OF Dallas

TO WHOM IT MAY CONCERN:

**RE: Notice of Interest in Property Located at 10423 Chelmsford Drive, Dallas, Texas 75217**

**I.       Notice of Interest**

This Notice of Interest is filed in the County Clerk's Office of Dallas, Texas, to provide formal notice to all interested parties regarding the rights and claims of the undersigned with respect to the real property described herein.

**II.      Property Description**

The real property affected by this Notice is legally described as follows:

Subdivision- Name: NANTUCKET VILLAGE Lot: 58 Block: B CBLK: 6723, CITY: DALLAS, Reference - 82222 / 3713, PIN# 00-67230-B00-058-0000, commonly known as 10423 Chelmsford Drive, Dallas, 75217

**III.     Parties Involved**

**1.  Owner:**
ALICIA LINWOOD REVOCABLE LIVING TRUST, c/o 10423 Chelmsford Drive, Dallas, Texas 75217
Alicia; Linwood

**2.  Mortgage Servicer:**
SN SERVICING CORPORATION AND U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF THE BUNGALOW SERIES III TRUST, 323 5th Street, Eureka, CA 95501

**IV.     Notice of Claim**

I, Alicia Linwood, as Trustee of ALICIA LINWOOD REVOCABLE LIVING TRUST, hereby declares that I have a vested interest in the above-described property based on the following grounds:

- I am the rightful owner of the property as evidenced by the warranty deed recorded in the Dallas Records under Document Number 200503570994.

- I dispute any claim by SN Servicing Corporation to foreclose upon it due to lack of standing as outlined in Texas Property Code § 51.002, which requires that any entity seeking to foreclose must demonstrate proper documentation and authority to do so.

- The attached allonge evidences the transfer of the promissory note, which must be properly endorsed per Texas Business & Commerce Code § 3.201, confirming my assertion of the improper assignment of the mortgage.

- As established in Kemp v. Countrywide Home Loans, Inc., the requirement for the foreclosing party to demonstrate ownership and standing is crucial, and the failure to do so may render any foreclosure efforts invalid.

**V.    Request for Notification**

I request that any party attempting to foreclose on the aforementioned property provide proper notification and documentation supporting their claim to enforce any rights against the property. Any foreclosure proceeding initiated without verifying my rights may be contested legally.

**VI.    Verification**

This Notice is verified and affirmed to be true and correct to be true and correct to the best of my knowledge and belief.

NOTICE TO PRINCIPAL IS NOTICE TO AGENT NOTICE TO AGENT IS NOTICE TO PRINCIPAL

Authorized Signatory for ALICIA LINWOOD REVOCABLE LIVING TRUST

By: *Alicia Linwood*

Alicia; Linwood, Trustee

## Acknowledgment

Before me, _Jarred McCray_, on this day personally appeared _Alicia Linwood_, known to me (or proved to me on the oath of _N/a_ or through _US Passport_ to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _20th_ day of _October_, 2024.

Seal

JARRED MCCRAY
Notary ID #134548364
My Commission Expires
September 11, 2027

_Jarred McCray_
Notary Public's Signature

Finance America, LLC
16802 Aston Street
Irvine, CA 92606

# ALLONGE

Loan number: ___0042255653___

Borrower name: ___ALICIA ANN LINWOOD___

Pay to the order of _____

Without recourse    ___Finance America, LLC___

Gina Gerwig
Collateral Management Supervisor
AUTHORIZED OFFICER

-1196143 (9908)        ELECTRONIC LASER FORMS, INC. - (800)327-0545        May 1999

ARDD                                                    LOAN ID:0042255653

# CERTIFICATION OF TRUST

ALICIA LINWOOD REVOCABLE LIVING TRUST
Office of the Grantor.
Nation-Texas.
General-Post Office.
South Buckner Boulevard Suite #170035-350.
Dallas.
United States Minor, Outlying Islands.
Near. [75217-9998]

**I.  ALICIA LINWOOD REVOCABLE LIVING TRUST created by the light of day -eight January two- zero zero-one. I as Grantor and Trustee of the following trust herein referred to as the Revocable Express Trust ALICIA LINWOOD REVOCABLE LIVING TRUST is the subject of this Certification of Trust:**

The ALICIA LINWOOD REVOCABLE LIVING TRUST, under an agreement dated January 8, 2021 (the "TRUST Agreement")

The Trust has been in existence uninterrupted since January 8, 2021, and is currently in full force and effect.

**I.  Settlor and Trustee. The settlor (referred to herein as the "Settlor") of the Trust is Alicia Linwood.**

The current trustee of the Trust is Alicia Linwood (referred to herein as the "Trustee"):

Alicia Linwood, having a principal place of Trust business at South Buckner Boulevard Suite #170035-350, Dallas, Texas near 75217.

**II.  Powers of Trustee. The Trustees shall not have the authority to take any action contrary to the controlling law of proven jurisdiction or inconsistent with the intent and purpose of the Trust indenture. All significant decisions and actions for the Trust, requiring discretion and judgment shall be by the Trustees acting unanimously and shall be recorded in the trust minutes. In addition to such powers, the Trustee is specifically authorized to Uniform trust law, Banking, and financial regulations; law, and personal and private property securities law.**

CERTIFICATION OF TRUST                              Page 1 of 3

**Powers of Trustee.** Inside the private Trust indenture ALICIA LINWOOD REVOCABLE LIVING TRUST.

**Power of Direction.** The Trust does contain powers of direction. The Trustee's powers as the power of direction are as follows:

**(a) TRUSTEE POWERS OF DIRECTION.** The Trust Director is Alicia Linwood and has directed or authorized the Trustee to engage in transactions for which this Certification of Trust has been issued.

**III.   Revocability.** Pursuant to the terms of the Trust Agreement, the Settlor may alter, amend, revoke or terminate the Trust at any time. The Trust has not been terminated, revoked, modified, or amended in any manner that would cause the representations contained in this Certification of Trust to be incorrect, and there have been no amendments limiting the powers of the Trustee over the property of the Trust, as described in this Certification of Trust.

**IV.    Manner of Taking Title.** The full legal name of the Trust for purposes of transferring assets into the Trust, titling assets, and conducting business for and on behalf of the Trust is **ALICIA LINWOOD** REVOCABLE LIVING TRUST.

**V.     Private Nature of Trust.** The Trust provisions are not attached to this Certification of Trust because they are of a private nature and set forth the distribution of Trust property. They do not modify the powers of the Trustee. The signatory of this Certification of Trust is currently the acting Trustee of the Trust and declares that the foregoing statements are true and correct.

IN WITNESS WHEREOF, the Settlor and the Trustee have hereunto set their hands as of

Date: January 8, 2021

**Witnesses:**                          **Grantor & Trustee:**

*Vanessa Harris*
Witness

Alicia Linwood, Grantor

By: *Alicia Linwood*
Alicia Linwood, Trustee

# NOTARY PUBLIC

STATE OF _Texas_ )
) ss.
COUNTY OF _Dallas_ )

On _Aug. 26_ 2024, before me, _Alicia Jose W. Marquez_
Notary Public, personally appeared _Alicia Ann Linwood._ who
proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is subscribed to the within the instrument and acknowledged to me
that she executed the same in her authorized capacity, and that by her
signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument. I certify under PENALTY
OF PERJURY under the laws of the State of Texas that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.


SIGNATURE OF NOTARY PUBLIC
My Commission Expires: _4-16-26_

JOSE M MARQUEZ
Notary ID #128242846
My Commission Expires
April 16, 2026

(seal)

## NOVATION AGREEMENT

This Novation Agreement (the "Agreement") is made and entered into as of July 25, 2024, by and between:

1. FINANCE AMERICA, LLC, with a principal place of business at 16802 Aston Street, Irvine, CA 92606 ("GRANTEE");

2. RONNIE MOSLEY, with a principal place of business at 6040 Camp Bowie Blvd., Ste. 20, Fort Worth, TX 76116 ("GRANTEE"); and

3. SN SERVICING CORPORATION[1] with a principal place of business at 323 5th Street, Eureka, CA 95501 ("New Party").

4. ALICIA ANN LINWOOD with a principal place of business at 10423 Chelmsford Drive, Dallas, Texas 75217 ("Borrower").

WHEREAS:

A. FINANCE AMERICA, LLC, RONNIE MOSLEY and ALICIA ANN LINWOOD entered into a Mortgage Agreement dated October 27, 2005 (the "Original Agreement"), wherein a promissory note, secured by a mortgage on a house located at 10423 Chelmsford Drive, Dallas, Texas 75217 (the "Property"), served as the collateral security.

B. Under the terms of the Original Agreement, the promissory note was the actual collateral security when the property was purchased.

C. The Original Lenders cannot be contacted for a signature for this novation agreement. Their contract information is outdated, and they were unable to be contacted regarding this matter. The loan and associated obligations have been assigned to SN SERVICING CORPORATION[1].

D.      Pursuant to Texas Business and Commerce Code §3.301, which governs negotiable instruments, and Texas Property Code §51.002, which governs the foreclosure process and rights related to mortgages, the parties have the right to modify or novate the terms of their contract.

E. The parties now wish to novate the Original Agreement to remove the Property as collateral security, acknowledging that the promissory note continues to be the actual collateral.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, the parties hereby agree as follows:

1. Release of Collateral

## NOVATION AGREEMENT

- SN SERVICING CORPORATION[1] hereby releases any and all interest in the Property described as 10423 Chelmsford Drive, Dallas, Texas 75217, and acknowledges that said Property shall no longer serve as collateral security for the obligations under the Original Agreement. The promissory note remains the collateral security for the loan.

2. Assumption of Obligations
- SN SERVICING CORPORATION[1] agrees to assume and be bound by all the terms and conditions of the Original Agreement, except as expressly modified by this Agreement. Since the original lender is not available, SN SERVICING CORPORATION[1] acknowledges that the original lender is released from the obligations under the Original Agreement.

3. Modification of the Original Agreement
- The Original Agreement is hereby amended to reflect that the house located at 10423 Chelmsford Drive, Dallas, Texas 75217 is no longer considered collateral security. The promissory note continues to serve as the collateral security.

4. Consent and Agreement
- SN SERVICING CORPORATION[1] shall assume all rights and obligations under the Original Agreement, as modified herein.

5. Entire Agreement
- This Agreement constitutes the entire understanding between the parties with respect to the subject matter hereof and supersedes all prior negotiations, representations, or agreements, whether written or oral.

6. Governing Law
- This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, specifically referencing Texas Business and Commerce Code §3.301 and Texas Property Code §51.002.

IN WITNESS WHEREOF, the parties have executed this Novation Agreement as of the day and year first above written.

By: _Alicia Ann Linwood_

Alicia Ann Linwood
Title: Attorney in Fact

_____

SN SERVICING CORPORATION
Title: _____

_____

[1] SN Servicing Corporation, who is the servicing agent for U.S. Bank Trust National Association, as Trustee of Bungalow Series III Trust.

United States Postal Service Express Mail #
EI 433 480 115 US

Date:   July 16, 2024

FROM: Alicia-Ann; Linwood
        c/o: ALICIA ANN LINWOOD
        10423 Chelmsford Drive
        Dallas, Texas 75217

TO:     SN Servicing Corporation
        323 5th Street
        Eureka, CA 95501

CC:     Prestige Default Services, LLC via Certified Mail # 9589 0710 5270 1412 7823 83

Re:     NOTICE OF MISTAKE;
        REQUEST FOR ASSISTANCE / CORRECTION

Ref.:   MORTGAGE #: 0000293135
        TITLE INSURANCE POLICY # O2318000784B

### NOTICE TO PRINCIPAL IS NOTICE TO AGENT

Dear Mr. Jeff Harrison,

After performing diligent search for verification of information gleaned from the World Wide Web, the below has been found. All information herein or herewith is drawn from sources, as cited, of integrity. Verification comes from statements issued by The United States, STATE of TEXAS, their regulatory agencies and manuals; and from government and private instrumentalities. With those sources in mind certain conclusions appear which ARE stated as personal legal determinations. Further, your duty to produce documents is required by law. You will find certain forms referenced herein or herewith showing the final basis for the conclusions. Failure to disclose as demanded herein is a felony, violation of law when there is a known legal duty to speak or act. **It is a fact that fraud cancels all obligations from the beginning.**

The request for assistance is based on mistakes. Since mistakes on both sides of the contracts, or, presumptive contracts, more likely are apparent, it is believed that working together will solve the issues herein and herewith. Therefore, it is formally requested that assistance be provided by Mr. Harrison of SN Servicing Corporation/U.S. Bank Trust National Association, Finance America, LLC (original Lender), and all its agents or employees in closing the matters timely and quickly.

**Appendix A** is the OVERVIEW of what we discovered that the bank has done with the NOTE, that the fact is the NOTE is my promise to pay; Finance America, LLC/SN Servicing Corporation/U.S. Bank Trust National Association, hereafter referred to as the **Alleged Bank (or) Bank/Lender,** has monetized NOTE and turned it into a cash item, and used the Deed of Trust as security for the NOTE. As a result, the Alleged Bank/Lender did not loan its own assets, it loaned credit, a FRAUD, FRAUD IN THE INDUCEMENT, FAILURE OF CONSIDERATION, CONSTRUCTIVE FRAUD, done in CONSPIRACY, an utterly void and without value transaction. All of this is supported and shown by escrow documents as detailed under Appendix B. Appendix C will show the core issue that there is no contract with the Alleged Bank, and will also show the reasons that there is no standing or capacity for the Alleged Bank to attach or attempt to attach property; which leads to conclusion that the Alleged Bank has no entitlement, no legal protections without the production of the contract exhibiting all the necessary requirements of a contract by operation of law.

United States Postal Service Express Mail #
EI 433 480 115 US

*No contract, no standing.*

*No standing, no claim.*

*No claim, no defense.*

If at any time you find error in this presentment, it is formally, under contract and trust terms, requested that statement exposing such be disclosed. As (a) layman (laymen) at law, the legal determinations herein are of a personal, private nature and Alleged Bank is required to hold this privacy unless consent is given to disclose this instrument to anyone.

As these matters are very, very, serious for all parties, it is believed that cooperation in closing out the issues is paramount.

    This letter is act of good faith to correct mistakes.

    This letter offers release for what could be found to be illegal acts.

    This letter provides opportunity for all parties to alleged mortgage #0000293135 to be made whole.

Failure by Alleged Bank to act will be recorded as fact showing intent to deceive, fraud, conversion and other felonies by bank officers. This is simply because the corporation, Alleged Bank, is incapable of felony as it is merely a piece of paper.

### SYNOPSIS

I made mistakes in relying on certain acts by Jeff Harrison (and/or original officer) and SN Servicing Corporation/U.S. Bank Trust National Association, Finance America, LLC. My reliance was done in contact with professionals operating the mortgage/bank systems. In short, my reliance was induced under professional standard, in our expectation of good faith and clean hands. Since I discovered these errors, a choice to believe said errors are founded on mistakes is foundational for this instrument.

In the event Jeff Harrison of SN Servicing Corporation/U.S. Bank Trust National Association chooses to assist in correction of these mistakes, the following will make me whole and exhibit clean hands by SN Servicing Corporation/U.S. Bank Trust National Association/Finance America, LLC:

1. The Deed of Trust is cleared of any claim by SN Servicing Corporation/U.S. Bank Trust National Association/Finance America, LLC with the transfer of clean title back to: Alicia-Ann; Linwood.

2. The cash/current funds expended during purchase of 10423 Chelmsford Drive, Dallas Texas 75217 including of all outlays and payments is to be reimbursed by SN Servicing Corporation/U.S. Bank Trust National Association.

3. I will issue a new 1099 OID for the full value of the purchase price and all expenses in favor of SN Servicing Corporation/U.S. Bank Trust National Association/Finance America, LLC with a new 1099 A abandoning those funds to SN Servicing Corporation/U.S. Bank Trust National Association/Finance America, LLC. [Or, in the alternative, issue release of those funds via letter of instruction.]

United States Postal Service Express Mail #
EI 433 480 115 US

4. The parties agree to hold the other harmless for all acts and omissions prior or future; unless new evidence of a compelling nature is disclosed.

5. My credit report will be corrected to reflect that no loan ever took place; therefore, the credit tradeline that is being reported by the alleged lender will be deleted from my credit report.

It is believed that these five (5) items will make both parties whole in an open transparent manner which corrects all mistakes by any party.

Counter presentments are welcome as long as both parties are closed as to liabilities.

Again, please advise me if there is anything incorrect or unfair in what is stated herein.

Be advised that in the event these issues are not settled in a reasonable amount of time, seven (7) days seems appropriate, I/we will take all appropriate action. In contemplation of corruption of these issues and to prevent abuse of process, this instrument is placed in a time vault, on the World Wide Web ready for massive dissemination.

You will: produce all the documents required to be provided by law governing your actions in your business, mandatory disclosure of documents in relation to consumer loans, consumer credit, securities laws as you are deemed to know the laws governing your activities and there is no excuse for being ignorant.

Done this 16 of July 2024, as stated under pains and penalties of perjury under the laws of the United States of America and the State of Texas.

By: _Alicia-Ann Linwood_
Alicia-Ann; Linwood

Under penalty of Perjury 28 U.S.C. § 1746, 1.

Witness: _Richard Thomas_

Witness: _Derrick Sutter_

CC: LandAmerica Commonwealth Title of Fort Worth, Inc.
ATTACHMENT: NOTICE OF CLAIM

**Appendix A**

United States Postal Service Express Mail #
EI 433 480 115 US

### OVERVIEW

1. NOTE is my promise to pay at a future time, labor is the backing of both the NOTE and all current funds circulating as currency.

2. Monetizing or securitizing the NOTE turns it into a cash item.

3. Deed of Trust is security.for the NOTE. Trust law reverses rules of evidence, requiring Trustee must prove good faith, full disclosure and proper procedures for operations.

4. Escrow is the transfer point between seller, buyer, Title Company, so called lender, where the NOTE is exchanged for a Trust Deed or Deed of Trust.

5. Alleged Bank/lender, issued check to escrow under internal request procedure. At time of issuing audits will expose that there is no evidence verifying: a) source of money; b) owned by bank; c) at time, or later, of issuing check, all of which is available as proof via public records of corporation.

6. Alleged Bank/lender issued NSF (non-sufficient funds) check.

7. Alleged Bank/lender never possessed the NOTE until after transfer between seller and buyer, deed for check.

8. Deed of Trust executed at closing of escrow is security for the NOTE.

9. Alleged Bank/lender later records as sent, NOTE to offset the liability of check.

10. Alleged Bank/lender records, audited statement, shows conclusively that Bank/lender, loaned credit, buyer's credit, which took place at escrow closing.

11. Alleged Bank/lender did not loan its own assets, it loaned credit, not even theirs, an ultra vires act, illegal under law and regulating authorities. A FRAUD, FRAUD IN THE INDUCEMENT, FAILURE OF CONSIDERATION, CONSTRUCTIVE FRAUD, done in CONSPIRACY, ISSUE A FRAUDULENT SECURITY, an utterly void and without value transaction.

12. Transfer of Title to registry systems or second servicer is fraudulent.

13. Alleged Bank claims abandoned funds after three (3) years. This is double payment and never disclosed.

14. Deed of Trust is fraudulent, resulting in defective Title, unmarketable title by alleged Bank/lender or subsequent parties.


### Appendix B

Each of these statements is shown by escrow documents. The Bank/lender, or so called lenders acts are shown as follows:

1. Balance sheet relating to the original 'loan', shows ledgering of the account as required to be reported and open knowledge under 12 USC § 242, § 347 and proved by 1099 reports available from IRS.

2. The 424 B-5 prospect reports show filing facts concerning the security issued under the note and Deed of Trust without reporting bases of the derivative and notice to original issuer.

United States Postal Service Express Mail #
EI 433 480 115 US

3. Securities and Exchange Commission Reports S 3 A show the sale of the 'note' and form of item sold.

4. FASB (Financial Accounting Standards Board) forms 125, 133, 140, 5, 95 guides an auditor to the liability side of the bank's books, exposing exactly where the 'money' came from and shows where it went and under what procedure and instrument.

5. The NOTE as negotiable instrument fails under the Uniform Commercial Code.

6. There is never a receipt given for the deposit of value, the note.

7. 12 USC § 1813 (L) (I) discloses that deposit of a promissory note is cash to the bank. The Bank's cash is my cash, not the Bank's/Lender's; the proof is the bogus loan paper.

8. There was never a receipt issued for the cash deposit.

9. The notes transferred at a transaction account create an asset on the payable side of the ledger; while on the liability side of the ledger, the NOTE issued by the presumed buyer/borrower is sold after monetizing by the alleged Bank/lender.

10. First funds transferor holds absolute right to the NOTE or cash equivalent.

11. 1098 OID identifies the principal issuer.

Deed of trust is required to be registered as evidence of debt. Notes are not so required. Sale of unregistered security sets up right of rescission as a property right absolute due to lack of notice that securities would be issued with the note or Deed of Trust as backing.

Conclusion based on evidence publicly available is that the transaction between buyer and alleged bank/lender is a fraud.

The mistake may have resulted from standard practice, procedures, application on part of Alleged Bank/lender or, it may not. In either instance the predicate facts are result in the issues herein.

Appendix C

In Appendix B, I discovered that the whole alleged mortgage was a fraud from the beginning.

I believe I have discovered the core issue is that there is no contract with the alleged bank, there is no standing or capacity for the Alleged Bank, its agents and its servicers because:

1. I have no contract with the Alleged Bank.

2. The Alleged Bank never placed on the files of this matter its corporate delegation, nor its minutes authorizing to enter into a contract with me.

3. There is no officer identified with corporate authority attached or corporate authority to engage a contract with me.

4. The corporate charter for the Alleged Bank does not authorize its taking of my note to fund an Alleged Bank's liability, escrow check, exchanged for issuers, my note, or obligation to pay at close of escrow on specific time line.

5. The Alleged Bank issued a NSF (non sufficient funds) check to escrow prior to having possession of the assets, NOTE issued by me.

6. The Alleged Bank charter, state law and federal law do not authorize Alleged Bank to lend credit, no matter the source of the credit.

United States Postal Service Express Mail #
EI 433 480 115 US

7.    The Alleged <u>Bank</u> charter limits the Alleged <u>Bank</u> to specific acts; all acts outside its legal or corporate authority being ultra vires, of no effect, utterly void.

In this matter, the payments made by me to the Alleged <u>Bank</u> were induced under fraud, the illegal acts above, which voids any claim by the Alleged <u>Bank</u>.

The creation of debt by lenders, the Deed of Trust and Promissory Note, payment of or agreement to pay money to the debtor, the Alleged <u>Bank</u>, or to a third party for account of debtor, the Alleged <u>Bank</u>, is not a contract. Assumption of contract being in place for collection process requires that the contract be produced; it is never produced because there is no contract and the note is not a contract.

The creation of debt by a credit to an account with the lender, Deed of Trust and Promissory Note, upon which the debtor, the Alleged <u>Bank</u>, is entitled to draw immediately such as the NSF check exchange for the NOTE, does not create a contract nor obligation. Failure by the Alleged <u>Bank</u> to produce bona fide contract is admission to fraudulent inducement to part with valuable consideration in exchange for nothing but a different instrument. Nonetheless, the only value issued is by me, which is able to be shown through the Alleged <u>Bank</u> documents which are public record, audits and corporate reports, inclusive of IRS documents.

I will, if needed, subpoena the records mentioned above in order to prove the points herein.

The Alleged <u>Bank</u> appears to have failed: to operate under these legal principals, covered by, UNIFORM COMMERCIAL CODE, hereinafter referenced as "UCC," the laws governing consumer credit and usury, the laws providing of rate ceilings to assure adequate supply of credit to consumers; the laws requiring the bank to educate consumers for understanding the terms of credit transactions; the laws requiring the bank to keep so-called lenders honest through competition for credit at reasonable cost; the laws requiring the bank to protect so-called consumers against illegal acts; the laws requiring the bank to keep fair and sound consumer credit practices; to comply with FEDERAL TRUTH IN LENDING ACT; and the laws requiring the bank to equalize all jurisdictions.

Consumers in the above context are Alicia-Ann; Linwood. In reality the Alleged <u>Bank</u>, SN Servicing Corporation/U.S. Bank Trust National Association/Finance America, LLC is the consumer of my credit, who issued that product, the NOTE, promise to pay, representing labor as the only source of value in the alleged transaction.

The Alleged <u>Bank</u> did not provide the goods, the NOTE or the labor backing it, did not manufacture the credit represented by the NOTE. Nonetheless, the issuer of the product, the NOTE representing real value, labor, is the seller of the NOTE through a fraudulent inducement as outlined above, which is the Alleged <u>Bank;</u> SN Servicing Corporation/U.S. Bank Trust National Association/Finance America, LLC knowingly acted out for its unjust enrichment.

The Alleged <u>Bank</u> as outlined herein has no entitlement, no legal protections without production of the contract exhibiting all the necessary requirements of a contract by operation of law, and is stopped completely from all acts related to my home for failing to act in accord with all the laws.

*No contract, no standing.*

*No standing, no claim.*

*No claim, no defense.*

United States Postal Service Certified #
9589 0710 5270 1412 7823 90

DATE:    July 16, 2024

RETURN RECIEPT REQUESTED

FROM: Alicia-Ann; Linwood
        c/o ALICIA ANN LINWOOD
        10423 Chelmsford Drive
        Dallas, Texas 75217

TO:    LandAmerica Commonwealth Title of Fort Worth, Inc.
        3345 Western Center Blvd., Suite 160
        Fort Worth, TX 76137

Re:    NOTICE OF CLAIM

Ref:    TITLE INSURANCE POLICY # O2318000784B

Attachment:    1. Notice of Mistake
                2. Notice of Mistake to Second Mortgage Company

## NOTICE TO PRINCIPAL IS NOTICE TO AGENT

To whom this may concern:

      Upon review of my so called Mortgage papers in conjunction with the diligence involving many hours of research, I have found some very disturbing facts. What I found was information on the internet, and I have verified the facts from the public documents. I describe below the synthesis, the conclusions upon which I base my claim. I request that in the event your review of my claim expresses any incorrect information or conclusions, that LandAmerica Commonwealth Title of Fort Worth, Inc. advises me of all the particulars so that I may correct any mistakes. I believe I can rely on statement issued by both The State of Texas and The United States in their published statements and I require LandAmerica Commonwealth Title of Fort Worth, Inc. to advise of any conflicts it finds and advise of same:

     1.  Deed of Trust is security for the NOTE.

United States Postal Service Certified #
9589 0710 5270 1412 7823 90

2. NOTE is my promise to pay at a future time, sweat equity my labor produces, which is my property and equity.

3. Escrow is the transfer point between parties, seller, and the buyer, for NOTE exchange for deed.

4. Alleged Bank/Lender, issued check to escrow with no funds shown on audit verifying: a) source of money; b) money owned by bank; c) money available at time of issuing the check, which is public record via audited statements.

5. Alleged Bank/Lender servicer, then or at some time later, recorded an asset, my NOTE, AFTER TRANSFER of deed to fund the check.

6. Asset, my NOTE, deposited by bank/lender creates an offsetting liability to fund the check.

7. Alleged Bank/Lender loaned me nothing of their own, no provable money at the time of check issuing and transfer of Deed of Trust.

8. Alleged Bank/Lender issued non sufficient funds (NSF) check.

9. Alleged Bank/Lender never owned my NOTE until after the transfer.

10. Alleged Bank/Lender loaned credit, an ultra vires act, illegal. FRAUD, FRAUD in THE INDUCEMENT, CONSTRUCTIVE FRAUD.

11. Alleged Bank/Lender assumptive parties filed 1099-A on my abandoned funds, the cash value of my NOTE after three (3) years.

12. DEED OF TRUST recorded as a lien on property is fraudulent, a defective title within the Terms of Policy.

13. Title being defective as fraudulent is unmarketable, which is also within the Terms of Policy.

14. Texas Business and Commerce Code § 26.02 **LOAN AGREEMENT MUST BE IN WRITING.** This section outlines that certain credit agreements must be in writing and signed by the party to be charged with the agreement to be enforceable. The

United States Postal Service Certified #
9589 0710 5270 1412 7823 90

purpose is to prevent fraud and ensure that significant agreements, especially those involving credit, are clearly documented and agreed upon by all parties involved.

Therefore, with no capacity or standing or real claim of interest in property located at 10423 Chelmsford Drive, Dallas, Texas 75217.

NO TITLE COULD BE INSURED FOR ANY REASON WHATSOEVER.

See attached Notice(s) of Mistake Document as evidence of claim.

I claim the title was defective from the beginning due to many issues upon which to file a claim. I request that LandAmerica Commonwealth Title of Fort Worth, Inc. will please issue a statement guaranteeing clean title from all effects or claim of defects from the beginning.

I am requesting claim forms, and that LandAmerica Commonwealth Title of Fort Worth, Inc. investigates. In the event that I am incorrect to fully disclose my errors, I am requesting that LandAmerica Commonwealth Title of Fort Worth, Inc. assists me in processing my claim for the current assessed value or current market value, whichever is higher. I further request that LandAmerica Commonwealth Title of Fort Worth, Inc. not advise any lender bank, or assign on this title or mortgage in order to preserve my rights to litigate for damages, if needed.

Thank you for your prompt action in this matter.

Dated this day of 16 of July, 2024.

Attachment:    Notice of Mistake
               Notice of Mistake to Second Mortgage

                              By: Authorized Agent(s)
                              Alicia-Ann; Linwood

                              By: Alicia Ann; Linwood



## SERVICING CORPORATION

13702 Coursey Blvd., Building 1
Baton Rouge, LA 70817
Phone: (225) 293-0095, (800) 489-6446
Fax: (916) 231-2500
Main Office NMLS #5985    Branch Office NMLS #9785

July 15, 2024

Alicia A. Linwood
10423 Chelmsford Dr.
Dallas, TX 75217-0000

    RE: **10423 Chelmsford Drive**
       **Dallas, TX 75217**
       **Account Number: 293135**

Dear Ms. Linwood:

   This letter is to provide a written response acknowledging receipt of your correspondence dated July 15, 2024, requesting SN Servicing Corporation to cease/desist communications relating to the servicing of the loan identified hereinabove. Please be advised that I represent U.S. Bank Trust National Association, as Trustee of the Bungalow Series III Trust and the instructions with respect to the notice shall be provided as required by state and federal law.

   Your written request enables the servicer to identify the borrower and provides the notice sought by the borrower. Your letter requests the servicer cease/desist concerning the account. This notice will be made to the account.

         Sincerely,

         *William A. Fogleman*

         **WILLIAM A. FOGLEMAN**
         Attorney At Law

WAF/tc



**SERVICING CORPORATION**

13702 Coursey Blvd., Building 1
Baton Rouge, LA 70817
Phone: (225) 293-0095, (800) 489-6446
Fax: (916) 231-2500
Main Office NMLS #5985    Branch Office NMLS #9785

July 26, 2024

Alicia A. Linwood
10423 Chelmsford Dr.
Dallas, TX 75217-0000

      RE:    **10423 Chelmsford Drive**
              **Dallas, TX 75217**
              **Account Number: 293135**

Dear Ms. Linwood:

This letter is to provide a written response acknowledging receipt of your correspondence received on July 23, 2024 requesting SN Servicing Corporation to provide information relating to the servicing of the loan identified hereinabove. Please be advised that I represent U.S. Bank Trust National Association, as Trustee of the Bungalow Series III Trust and the information with respect to the inquiry shall be provided as required by state and federal law.

Your written request enables the servicer to identify the borrower enclosed a proposed Novation Agreement. Your letter requests SN Servicing Corporation to execute the Agreement. SN Servicing Corporation has reviewed the Agreement and will not execute.

              Sincerely,

              **WILLIAM A. FOGLEMAN**
              Attorney At Law

WAF/tc



**SERVICING CORPORATION**

13702 Coursey Blvd., Building 1
Baton Rouge, LA 70817
Phone: (225) 293-0095, (800) 489-6446
Fax: (916) 231-2500
Main Office NMLS #5985    Branch Office NMLS #9785

September 30, 2024

Alicia A. Linwood
10423 Chelmsford Dr.
Dallas, TX 75217-0000

      RE:   **10423 Chelmsford Drive**
              **Dallas, TX 75217**
              **Account Number: 293135**

Dear Ms. Linwood:

This letter is to provide a written response acknowledging receipt of your correspondence dated September 30, 2024, requesting SN Servicing Corporation to cease/desist communications relating to the servicing of the loan identified hereinabove. Please be advised that I represent U.S. Bank Trust National Association, as Trustee of the Bungalow Series III Trust and the instructions with respect to the notice shall be provided as required by state and federal law.

Your written request enables the servicer to identify the borrower and provides the notice sought by the borrower. Your letter requests the servicer cease/desist concerning the account. This notice will be made to the account.

Sincerely,

*William A. Fogleman*

**WILLIAM A. FOGLEMAN**
Attorney At Law

WAF/tc



# SERVICING CORPORATION

13702 Coursey Blvd., Building 1
Baton Rouge, LA 70817
Phone: (225) 293-0095, (800) 489-6446
Fax: (916) 231-2500
Main Office NMLS #5985   Branch Office NMLS #9785

July 15, 2024

Alicia A. Linwood
10423 Chelmsford Dr.
Dallas, TX 75217-0000

   RE: **10423 Chelmsford Drive**
      **Dallas, TX 75217**
      **Account Number: 293135**

Dear Ms. Linwood:

  This letter is to provide a written response acknowledging receipt of your correspondence reviewed on July 15, 2024, requesting SN Servicing Corporation to cease/desist communications relating to the servicing of the loan identified hereinabove. Please be advised that I represent U.S. Bank Trust National Association, as Trustee of the Bungalow Series III Trust and the instructions with respect to the notice shall be provided as required by state and federal law.

  Your written request enables the servicer to identify the borrower and provides the actions sought by the borrower. Your letter requests the servicer cease/desist concerning the account. We have reviewed the amount and determined that the foreclosure proceedings will continue.

        Sincerely,

        *William A. Fogleman*

        **WILLIAM A. FOGLEMAN**
        Attorney At Law

WAF/tc

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ALICIA LINWOOD, AS TRUSTEE OF ALICIA LINWOOD REVOCABLE LIVING TRUST

**(b)** County of Residence of First Listed Plaintiff  DALLAS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PRO SE
Alicia Linwood, PO. Box 170035, Dallas, Texas 75217

## DEFENDANTS

SN SERVICING CORPORATION; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE BUNGALOW

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RECEIVED
OCT 31 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

3-24CV2746-S

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☒ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C § 2201

Brief description of cause:
Declaratory Judgement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ TBD

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____