IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICIA ANN LINWOOD as Trustee of Alicia Linwood Revocable Living Trust,<br>　　　　Plaintiffs,<br><br>v.<br><br>FINANCE AMERICA LLC; SN SERVICING CORPORATION; MORTGAGE ELECTRONIC SYSTEMS INC.; and US BANK TRUST NATIONAL ASSOCIATION,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br>No. 3:24-CV-02746-S-BW<br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Alicia Ann Linwood, as Trustee of Alicia Linwood Revocable Living Trust and proceeding pro se, filed this civil action on October 31, 2024, against multiple defendants. (*See* Dkt. No. 3 ("Compl.").) Pending before the Court is Linwood's "Motion for Emergency Relief" filed on October 31, 2024. (Dkt. No. 5 ("Mot.").)

For the reasons stated below, the undersigned magistrate judge recommends that the Court **DENY** Linwood's Motion for Emergency Relief. (Dkt. No. 5.)

Linwood seeks an ex parte temporary restraining order ("TRO"). Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

---

[1] This case was referred to a magistrate judge for case management pursuant to Special Order 3 on October 31, 2024, (*See* Dkt. No. 1.)

1

> (A)  specific facts in an affidavit or verified complaint clearly show that immediate injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  In this case, Linwood, acting as her own attorney, has failed to allege specific facts showing that immediate and irreparable injury will result without the injunction.  Linwood provides wholly conclusory statements.  For example, she states that "[i]f the foreclosure proceeds, the Trust will lose its sole asset, causing irreparable harm[.]"  (Mot. 3.)  Further, Linwood provided no evidence that a foreclosure sale is imminent, while her motion addresses that the "property is presently under foreclosure by [Defendants]," Linwood has not provided any date for an imminent foreclosure sale, nor mentioned any upcoming sale.  (Mot. 1.)  Thus, Linwood has failed to show the trust would suffer immediate and irreparable harm.  Linwood also have not certified in writing any efforts to give Defendants notice of the emergency motion or explained why notice should not be required.  Thus, she has failed to meet the requirements of Rule 65(b)(1) and is not entitled to the emergency injunctive relief she seeks.

Additionally, on the merits, to get a TRO Linwood must show (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.  *See*

*Women's Med. Ctr. of Northeast Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). Once again, Linwood offers only conclusory statements that these elements are met. (*See generally* Mot.)  For example, on the balance of harms, Linwood merely alleges "[t]he harm to Plaintiff in losing the property outweighs any potential financial harm to [Defendants]." (*Id.* 3.)  Linwood has not satisfied her burden of showing she is entitled to emergency injunctive relief.

For the foregoing reasons, the undersigned recommends that the District Judge **DENY** Plaintiff's motion for emergency relief.  (Dkt. No. 5.)

**SO RECOMMENDED** on November 1, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE OF RIGHT TO OBJECT**

      A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).